MACKSBURG NATIONAL BANK, Appellant, v. S. B. LILLARD, Appellee.

OCTOBER 23, 1928.

*C. E. Hamilton,* for appellant.

*John A. and W. T. Guiher,* for appellee.

Evans, J.—At the trial, the parties waived a jury, and submitted the case, both as to fact and law, to the court. The real question in dispute is one of fact. The evidence is conflicting thereon. In considering the appeal, we must, therefore, consider the case upon the basis of the defendant's evidence. The appellant has argued the case here upon the theory of the truth of the testimony for the plaintiff. It has predicated no error upon the assumption of the truth of the defendant's testimony. Its basic proposition is that the burden was upon the defendant to prove want of consideration, and that he failed to do so.

It appears from the evidence that, about May 1st, the defendant was appointed "administrator of the estate of Ward Porter," who died April 14, 1923. At the time of his death, Porter was a tenant upon the land of Linn. He had upon the premises 100 hogs, in which Linn had a half interest. Porter had mortgaged his half interest to the plaintiff-bank, to secure a debt of about $1,500. Recognizing, as defendant contends, that the Porter estate was insolvent, and that the mortgaged property was insufficient in value to pay the mortgage, the defendant, by agreement with the plaintiff-bank, surrendered the property under the mortgage to the plaintiff. He agreed, however, that the hogs might remain upon the premises during the summer of 1923, and that the employee of Porter's widow, who continued in the occupancy of the premises, would care for them. In the latter part of May, the supply of corn upon the premises was exhausted, and it became necessary to buy corn to feed such hogs. According to the testimony of the defendant, the president of the bank, Wilson, personally contracted for the corn from Cunningham and from Smith, who testified to the same effect. He also testified that Wilson requested him to issue his check upon the bank to the sellers of the corn, and said that he would take care of it; that, later, he requested the defendant to execute to him a memorandum note, as a convenience in the keeping of his books, until the hogs should be sold; that there was no other consideration for the note; that the plaintiff later received all the proceeds of the mortgaged hogs, the same being paid directly to it, without the intervention of the defendant. This testimony was denied materially by Wilson. The defendant has corroboration in a rather important circumstance. Though this note was drawn payable in July following its date, it was, in

952

fact, permitted to lie dormant, without demand or request upon the defendant, for more than three years. In any event, the testimony of the defendant was quite abundant to sustain the finding of the district court on the question of fact.

The judgment below is, accordingly,—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.